# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# PECOS DIVISION

| | | |
|---|---|---|
| **GEORGE JENNINGS, PRINCE (SOVEREIGN OF THE SOIL),** | § § | |
| *Plaintiff* | § § | P-25-CV-00020-DC |
| **v.** | § § § | |
| **TEXAS STATE COURT,** | § § | |
| *Defendant* | § | |

## ORDER OF DISMISSAL

Before the Court is Plaintiff Prince George Jennings's (Plaintiff) *pro se* Petition for Writ of Mandamus. [docket number 1]; *see also* 28 U.S.C. §1651. Upon review, the Court orders Plaintiff's Petition for Writ of Mandamus **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**.

Plaintiff filed this Petition for Writ of Mandamus in Houston, which was then transferred to this Court. There, he asks this Court to order the Ward County District Court in Monahans, Texas to take certain actions regarding his underlying criminal case.

Although the writ of mandamus was abolished by Rule 81(b) of the Federal Rules of Civil Procedure, federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. §1651; FED. R. CIV. P. 81(b). Actions in the nature of mandamus are provided for in section 1361 of Title 28 of the United States Code — the Mandamus Act:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff.

28 U.S.C. §1361 (emphasis added); *Parveen v. McAleenan*, 410 F. Supp.3d 809, 812, 815 (S.D. Tex. 2019) (recognizing §1361 as "Mandamus Act"). Pursuant to the plain language of the statute as interpreted by the Fifth Circuit, federal courts do not have jurisdiction "to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Conner v. Texas Court of Criminal Appeals*, 481 F. App'x 952, 953 (5th Cir. 2012) (per curiam) (quoting *Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)); *accord Noble v. Cain*, 123 F. App'x 151, 152–53 (5th Cir.

2005) (citing *Moye* and holding federal mandamus relief is not available to direct state officials in performance of their duties).

Because federal courts have no mandamus authority over state officials, they lack subject matter jurisdiction over any case where the only relief sought is a writ of mandamus directing the official actions of state agents or authorities. *Schwarzer v. Shanklin*, No. 20-40083, 2021 WL 4465877, at *1–2 (5th Cir. 2021); *see also Moye*, 474 F.2d at 1275; *Santee v. Quinlan*, 115 F.3d 355, 356–57 (5th Cir. 1997) (denying jurisdiction and holding that "a petition for mandamus against a judge presiding in a pending case is not a form of interlocutory appeal" that could be properly brought before the court); *Conner v. Tex. Ct. of Crim. App.*, 481 F. App'x 952, 952 (5th Cir. 2012) (holding that because "[f]ederal courts have no authority to issue writs of mandamus to direct state courts and their [ ] officers ... where mandamus is the only relief sought, ... the district court lacked authority to order the state court to act on [Petitioner's claim]."). In this way, a petitioner's entitlement to mandamus relief is a jurisdictional question. *Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir. 1980) ("The test for jurisdiction is whether mandamus would be an appropriate means of relief."). When determining the propriety of mandamus relief for jurisdictional purposes, "allegations of a complaint, unless patently frivolous, are taken as true to avoid tackling the merits under the ruse of assessing jurisdiction." *Id.*

The Court is not authorized to grant the only form of relief Plaintiff seeks. *Moye*, 474 F.2d at 1275; *Max-George v. Hon. Justices of the Ct. of Crim. App. of Tex.*, 788 F. App'x 274, 274 (5th Cir. 2019). The Court thus lacks subject matter jurisdiction over Plaintiff's case. *Schwarzer*, 2021 WL 4465877, at *1–2; *Santee v. Quinlan*, 115 F.3d 355, 356–57 (5th Cir. 1997); *Conner*, 481 F. App'x at 952. No amount of liberal construction of Plaintiff's pleadings can alter the fact that he seeks a form of mandamus relief the Court is not authorized to grant and thus cannot establish federal subject matter jurisdiction over this case. *Jones*, 609 F.2d at 781. If he asserted additional causes of action or sought other forms of relief in addition to mandamus relief, the Court still would have to deny this application for writ of mandamus but would be free to examine his other claims for relief. However, because he only seeks mandamus relief directing state judicial officers in a way this Court is unauthorized to direct them, subject matter jurisdiction is lacking. *Id.* While he may be able to seek similar relief with the applicable state appellate court, federal district courts are not in the business of hijacking the proceedings of state trial courts.

Here, Plaintiff seeks only mandamus relief — an order from this Court directing the Ward County District Court to take certain actions in his underlying criminal proceedings. This Court lacks authority, i.e., jurisdiction, to issue a writ of mandamus as requested by Plaintiff. *See Conner*, 481 F. App'x at 953; *Moye*, 474 F.2d at 1276. Thus, this matter is subject to dismissal for want of jurisdiction. *See Conner*, 481 F. App'x at 953; *Moye*, 474 F.2d at 1276. Accordingly, this Court dismisses this action without prejudice for lack of subject matter jurisdiction. *See Mitchell v. Bailey*, 982 F.3d 937, 944 (holding that dismissals for lack of subject matter jurisdiction "must be without prejudice.").

It is therefore **ORDERED** that Plaintiff's Petition for Writ of Mandamus [docket number 1] is **DISMISSED *WITHOUT* PREJUDICE FOR WANT OF JURISDICTION** and this matter is now closed.

It is so **ORDERED**.

SIGNED this 6th day of May, 2025.

_____
DAVID COUNTS
UNITED STATES DISTRICT JUDGE